# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00094-GCM-DCK

| | |
|---|---|
| **CATHERINE FORTNER BOONE,**<br><br>Plaintiff,<br><br>v.<br><br>**ANDREW M. SAUL,**<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (ECF Doc. 12) and Defendant's Motion for Summary Judgment (ECF Doc. 14), as well as the parties' briefs and exhibits.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Order.

## I.    FACTUAL BACKGROUND

In a decision dated January 8, 2019, the ALJ found Plaintiff had the following severe impairments: parsonage turner syndrome; cervical spondylosis; positive Tinel's left upper extremity; fibromyalgia; obesity; rheumatoid arthritis; connective tissue disease; and neuropathy. Tr. at 15. The ALJ also noted Plaintiff was diagnosed and treated for Stage I ovarian cancer, but the condition was not a severe impairment. *Id.*

Based on records of mild adjustment disorder arising out of anxiety and other reports of anxiety, the ALJ also considered Plaintiff's mental impairments but found they were not severe. *Id.* at 16. Mentally, the ALJ found that Plaintiff had: no impairment in the ability to understand, remember, and apply information; no impairment in interacting with others; no more than mild limitations in concentration, persistence, and maintaining pace; and no more than mild limitations in ability to adapt or manage herself. *Id.* In making this finding, the ALJ gave great weight to two state agency psychological consultants' opinions that found Plaintiff did not have a severe mental impairment. *Id.*

The ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform sedentary work except that she "can occasionally reach above the shoulder level with the right upper extremity; frequently finger, feel, and handle with both upper extremities; and she should avoid all exposure to workplace hazards." *Id.* at 17. The ALJ concluded that Plaintiff was capable of performing past relevant work as a secretary, which is listed as a sedentary, skilled (SVP 6) occupation. *Id.* at 24. Alternatively, the ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 25. Therefore, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, for the relevant period of time. *Id.* at 26. Any additional relevant facts are set forth in the discussion below.

## II. PROCEDURAL BACKGROUND

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on April 20, 2020. In her Motion for Summary Judgment, Plaintiff argues that

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

substantial evidence does not support the ALJ's decision because: (1) the ALJ failed to provide an accurate and logical bridge between the evidence presented and her conclusion that Plaintiff's testified limitations were not supported by the evidence when the ALJ used "boilerplate language" in her reasoning; and (2) the ALJ failed to give appropriate weight to opinions expressed by the vocational expert.

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, the Fourth Circuit noted that "[s]ubstantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson*, 402 U.S. at 401); see also *Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

**IV.    DISCUSSION**

The question before the ALJ was whether Plaintiff became disabled at any time.[2] A five-step process, known as sequential review, is used in determining whether a Social Security claimant is disabled. A disability claim is evaluated pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the RFC to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

20 C.F.R. §§ 404.1520(a)(4)(i)–(v). In this case, the ALJ determined Plaintiff was not disabled at Step Four in the sequential evaluation process, and the ALJ alternatively found Plaintiff would also not be disabled at Step Five.

The Court first turns to Plaintiff's argument that the ALJ's reasoning is insufficient to find that the RFC assessment is supported by substantial evidence. If an ALJ does not find that the claimant's impairment or combination of impairments meets or equals an Appendix 1 listing, then the ALJ must conduct an RFC assessment prior to Step Four of the sequential analysis. In determining the RFC, the ALJ must conduct a function-by-function assessment of a claimant's severe and non-severe medically determinable impairments. SSR 96-8p; 20 C.F.R. § 404.1545(a)(2); 20 C.F.R. § 416.945(a)(2). An RFC assessment must include a narrative describing how the evidence supports each conclusion and must "build an accurate and logical bridge" from the evidence to the ALJ's conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Such narrative should also discuss the evidence the ALJ found credible and why the ALJ found that evidence credible. *Id.*

Remand may be appropriate when "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 188 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). There is no categorical rule requiring remand where an ALJ does not perform an explicit function-by-function analysis. *Id.* Additionally, mild mental limitations do not per se trigger the *Mascio* requirements. *Hardy v. Berryhill*, No. 3:16-CV-00746-FDW, 2018 WL 1385412, at *5 (W.D.N.C. Mar. 19, 2018) (distinguishing *Mascio* because it related to moderate limitations and citing four other opinions that discuss how *Mascio* does not per se apply to mild limitations). However, a finding of mild limitations at Step Two and then a complete failure to

discuss mental limitations in the RFC assessment raises *Mascio* concerns. *Reinhardt v. Colvin*, No. 3:14–cv–00488–MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015); *see also Hardy*, 2018 WL 1385412, at *5 (finding no reason to remand where the case was unlike *Reinhardt* in that the ALJ had not entirely failed to discuss mental limitations in the RFC assessment, and citing two other cases that distinguished themselves from *Reinhardt* for the same reason).

Here, Plaintiff alleges that the ALJ's narrative is insufficient to allow for meaningful review of her RFC assessment, largely because the ALJ used "boilerplate reasoning" in finding that Plaintiff's testified limitations were not supported by the evidence. The ALJ's decision stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. at 18. Plaintiff argues that this language was unexplained, while Defendant contends that the ALJ gave specific examples supporting this finding. *See id.* at 19–24. Indeed, the ALJ cited voluminous evidence to support her findings regarding Plaintiff's physical RFC. What gives pause for concern is that the ALJ in Step Two weighed the evidence and found that Plaintiff had non-severe mental limitations, including no more than mild limitations in concentration, persistence, and maintaining pace, and no more than mild limitations in ability to adapt or manage herself, but the ALJ did not discuss Plaintiff's mental limitations in the RFC assessment.

Nevertheless, Defendant argues that because Plaintiff's mental impairments were no more than mild, and because the ALJ gave great weight at Step Two to the opinions of the state agency psychological consultants that opined Plaintiff did not have severe mental limitations, the RFC assessment is not deficient. *See Linares v. Colvin*, No. 5:14–CV–00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-

function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96–8p."). But RFC assessments must discuss severe and non-severe limitations, as well as the Plaintiff's testimony regarding the intensity, persistence and limiting effects of Plaintiff's symptoms, and at best, the Court here is left to guess how the ALJ concluded that Plaintiff's non-severe mental limitations and alleged symptoms did not translate into a work-related limitation. The ALJ's analysis frustrates meaningful review, and the Court cannot conclude that the ALJ's RFC assessment is supported by substantial evidence.

For the reasons stated herein, the Court concludes that remand is necessary. The Court recognizes that it has not addressed all assignments of error set forth by Plaintiff. However, because remand is needed, the Court does not find it necessary to address any remaining issues.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

### V. ORDER

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF Doc. 12) is **GRANTED**; Defendant's Motion for Summary Judgment (ECF Doc. 14) is **DENIED**; and the Commissioner's

decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: April 27, 2021

Graham C. Mullen
United States District Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 490 U.S. at 884 (quoting 42 U.S.C. § 405(g)).